Filed 8/10/16  In re A.R. CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| In re A.R., a Person Coming Under the Juvenile Court Law. | C080588 |
| SAN JOAQUIN COUNTY HUMAN SERVICES AGENCY,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>V.R.,<br><br>Defendant and Appellant. | (Super. Ct. No. J06267) |

Appellant, V.R., an alleged father who claims to be the biological father of minor A.R., appeals the denial of his petition to vacate all the orders entered in this case, including the termination of parental rights.  (Welf. & Inst. Code, § 388.)[1]  He contends he was entitled to an evidentiary hearing on his petition.  We disagree and affirm.

---

[1] Undesignated statutory references are to the Welfare and Institutions Code.

1

BACKGROUND

A.R., the minor in this case, was detained in March 2013, when she was approximately a year old, due to mother's extensive history of substance abuse, primarily alcohol, which had resulted in the removal of and termination of services for three of the minor's half siblings, and the termination of parental rights to a fourth half sibling.

Mother identified K.R., the father of the minor's older half siblings, as the father, although she indicated she was not certain he was the minor's biological father. K.R., who had signed a declaration of paternity, took a DNA test that revealed he was not the biological father and indicated he was going to file a motion to set aside paternity. Mother also informed the social worker that R.S. was her boyfriend, and he had assumed fatherly responsibilities for the minor. Mother did not identify appellant as a father.

The juvenile court found K.R. to be the presumed father on April 15, 2013. K.R. did not want to participate in reunification services. The juvenile court declared the minor a dependent child of the court and both parents were bypassed for reunification services. Notice of the upcoming section 366.26 hearing to unknown and alleged fathers of the minor was published in the newspaper from March 18, 2014, to April 8, 2014.

The section 366.26 hearing was continued numerous times, finally taking place on February 6, 2015. At the conclusion of the hearing, the parental rights of the mother, presumed father, the alleged father, and all unknown fathers to A.R. were terminated.[2]

On July 29, 2015, after parental rights were terminated, appellant, by way of a section 388 petition, asked the juvenile court to vacate all its orders in this case, including its February 6, 2015, order terminating parental rights. He claimed he had been unable to locate mother since she gave birth and was wrongfully deprived of the opportunity to participate in the dependency proceedings. The juvenile court indicated that it reviewed

---

[2] The written orders were amended twice. The second amended orders provided that the parental rights of all unknown fathers were terminated.

2

the petition and appellant's supporting declaration. The juvenile court stated that appellant had not provided any proof that he was the biological father or any evidence that a filing to establish the parental relationship was made with any court. The juvenile court also stated that notice of the section 366.26 hearing was published as to the alleged and all unknown fathers of the minor. Therefore, proper notice was given and parental rights were terminated. Additionally, the juvenile court indicated that appellant was not a party to the proceedings and that it no longer had jurisdiction to act on the petition because parental rights were terminated. Accordingly, the juvenile court denied appellant's section 388 petition without holding an evidentiary hearing.

## DISCUSSION

Appellant contends the juvenile court erroneously denied him an evidentiary hearing on his section 388 petition to vacate all of the juvenile court's orders in this case, including, and necessarily preliminarily, the order terminating parental rights. We find no error.

"[T]he availability of section 388 to a parent to secure a change in a dependency order is limited by section 366.26, subdivision (i), which prohibits modification of an order terminating parental rights except by a direct appeal." (*In re Meranda P.* (1997) 56 Cal.App.4th 1143, 1161, citing *In re Ronald V.* (1993) 13 Cal.App.4th 1803, 1806.) Section 366.26, subdivision (i)(1) provides that: "Any order of the court permanently terminating parental rights under this section shall be conclusive and binding upon the child, upon the parent or parents and upon all other persons who have been served with citation by publication . . . . *After making the order, the juvenile court shall have no power to set aside, change, or modify it . . . .*" (Italics added; see also *David B. v. Superior Court* (1994) 21 Cal.App.4th 1010, 1013, 1017 (*David B.*) [juvenile court has no power to vacate order terminating parental rights after it has become final in that court].)

3

At the August 19, 2015, hearing on appellant's section 388 petition, the juvenile court advised appellant that notice was given by publication as to all unknown fathers of the minor of the section 366.26 selection and implementation hearing. The record demonstrates that notice to unknown fathers was indeed published as provided by section 294. Accordingly, the juvenile court advised appellant that, pursuant to section 366.26, subdivision (i)(1), it no longer had jurisdiction to act on his section 388 petition because parental rights were terminated.

Appellant acknowledges that section 366.26, subdivision (i)(1), divests the court of jurisdiction to modify its termination order. Nonetheless, he argues that the San Joaquin County Human Services Agency "should not be allowed to hide behind" this rule when, as he alleges, it knew of his existence and the possibility he was the minor's biological father since the inception of the case. He does not, however, provide any authority for avoiding the statutory mandate in section 366.26, subdivision (i)(1). He also attempts to factually distinguish this case from *David B.* Despite the factual differences between the cases, the holding remains the same: the juvenile court has no jurisdiction to modify its termination order. First, he argues that, unlike *David B.* in which the appellant sought relief through an application from default pursuant to Code of Civil Procedure section 473.5, he used the juvenile court remedy of a section 388 petition. However, as set forth above, the availability of section 388 to a parent to secure a change in a dependency order is still subject to the section 366.26, subdivision (i)(1), bar on modification of a order terminating parental rights. (*In re Meranda P.*, *supra,* 56 Cal.App.4th at p. 116.)

Next, although appellant attempts to "distinguish" *David B.* on the ground that the alleged lack of effort made to locate unknown parents was purportedly more deficient here, *David B.* found the agency there had not made reasonable efforts to locate the father -- the position appellant takes here. Nonetheless, it held that section 366.26, subdivision (i)(1), prohibited the court from vacating the order terminating parental rights

4

and that the restriction in section 366.26, subdivision (i)(1), comports with due process. (*David B. supra*, 21 Cal.App.4th at pp. 1016-1020.)[3] Finally, appellant asserts he was more timely in filing his section 388 petition than the father in *David B.* who brought his action to vacate the termination order approximately six months after it was made. As we have explained, regardless of the timing, the juvenile court did not have jurisdiction to act because parental rights were terminated.

The juvenile court was correct that it had no power to grant appellant the relief he sought in the section 388 petition. (§ 366.26, subd. (i)(1).) Thus, the juvenile court did not err in denying appellant's petition without a hearing.

DISPOSITION

The order of the juvenile court is affirmed.

    /s/                       

Blease, J.

We concur:

    /s/                   

Raye, P. J.

    /s/                   

Hoch, J.

---

[3] *David B.* refers to the application of section 366.26, former subdivision (h), which is now codified in subdivision (i)(1), without substantive change. (See Stats. 2005, ch. 634, § 2.2, pp. 4861-4862.)